IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

V.                                                              CRIMINAL NO. 2:18-CR-32-KS-MTP

**DONTE D. PAYTON**

### ORDER

Before the Court is Defendant Donte D. Payton's Emergency Motion for Compassionate Release [55] filed pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a Response [56] opposing the Motion [55] and arguing, *inter alia*, that Payton has failed to exhaust his remedies before the Bureau of Prisons prior to filing this action. Defendant has filed a Reply [57]. For the reasons discussed below, the Court finds that the Motion [55] should be denied.

I.   BACKGROUND

On January 31, 2019, Defendant, Donte D. Payton ("Payton"), pleaded guilty to Counts One and Three of a four-count indictment. Plea Agreement [26]; Indictment [9]. Count One charged Payton with conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. [9] at 1. Count Three charged Payton with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). *Id.* at 2.[1] Payton's Presentence Investigation Report determined that he had a total offense level of thirty-five and a criminal

---

[1] Count Two charged Payton with possession with intent to distribute 50 grams or more of a mixture of a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2. [9] at 1. Count Four charged Payton with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), possession of a firearm in and affecting interstate commerce, while having previously been convicted of a felony. *Id.* at 2. These counts were dismissed without prejudice as a part of the plea agreement. [26] at 2-3.

history category of IV, which put him in the guideline imprisonment range of 235 to 293 months for Count One, and 60 months for Count Two. [31] at 24. On June 3, 2019, the Court sentenced Payton to a term of 188 months on Count One, and a term of 60 months on Count Three, for a total of 248 months, followed by a term of five years of supervised release. [36] at 2-3. According to the web site of the Bureau of Prisons ("BOP"), Payton's projected release date is April 2, 2036. *See* https://www.bop.gov/inmateloc/ (last visited Jan. 21, 2025).

On May 5, 2021, Payton filed a Motion for Compassionate Release [37], seeking home confinement. Payton cited the COVID-19 pandemic and his contraction of the virus as bases for the motion. Considering that Payton had served less than one-third of his sentence, and that he had been fully vaccinated against COVID-19 at the time, the Court denied Payton's motion. [51] at 7-8.

II.   CURRENT CLAIMS

On October 30, 2024, Payton filed the present Emergency Motion for Compassionate Release [55] pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). In the motion, Payton acknowledges that exhaustion of administrative remedies is required prior to filing the motion in the district court, and he asserts that he has exhausted. [55] at 4, 11, 12. He alleges that he has presented a Motion for Compassionate Release to the Warden at Oakdale I, where he is currently incarcerated. *Id.* at 12. Payton asserts, however, that he had not received any decision as of the date he signed his motion, October 22, 2024. *Id.* at 12, 27. He also argues that because the BOP failed to file a motion on his behalf, "exhaustion of administrative remedies is not an issue in this case." *Id.* at 12. In Payton's Reply [57], signed on January 15, 2025, he again argues that on an unspecified date he submitted a request for compassionate release to the BOP through his warden and waited for thirty days before filing this motion. [57] at 2. He also urges the Court not to dismiss his

2

motion for failure to exhaust administrative remedies without first giving him an opportunity to substantiate his claim. *Id.* at 6.

In his Motion [55], Payton argues that he presents four "extraordinary and compelling circumstances" to warrant early release. Payton reiterates these arguments in his Reply [57]. Payton first asserts that he should be released early to take care of his parents, as they are in poor health, and he is their primary caregiver. [55] at 13-14. Secondly, he argues that the sentencing disparity between a "mixture" versus "actual" methamphetamine warrants his early release because "the purity of methamphetamine has been given disproportionate emphasis in determining punishment when purity is not a proxy for culpability." *Id.* at 15. As a third basis, Payton cites to recent cases involving sentencings where the district judges used their discretion and declined to follow the Sentencing Guidelines as it relates to sentences for a "mixture" versus "actual" methamphetamine. *Id.* at 20-22 (citing*, e.g., United States v. Robinson*, No. 3:21-CR-14-CWR-FKB-2 (S.D. Miss. Dec. 23, 2022)). Based on this rationale, Payton argues that he should be resentenced. *Id.*

Finally, Payton reasons that he should be resentenced to avoid sentencing disparities between his sentence and individuals sentenced for similar crimes pursuant to the First Step Act of 2018. *Id.* at 24-26. In his Reply [57], he also vaguely argues that the Court should consider his rehabilitation as a basis for early release. [57] at 9, 11. However, he does not bolster this argument with evidence of completion of any rehabilitation programs. *Id.* In sum, he argues that a sentence of time-served would account for the factors that the Court must consider under 18 U.S.C. § 3553(a), including deterrence, protection of the public, and respect for the law. [55] at 26.

III. <u>DISCUSSION</u>

　A. <u>Relevant Legal Authority</u>

A judgment of conviction is a final judgment that may modified by the sentencing court pursuant to the provisions of 18 U.S.C. § 3582(c). *See also* 18 U.S.C. § 3582(b). Section 3582(c) provides, however, that the term may only be modified if certain conditions are met. The statute states, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted* all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are appliable, if it finds that –
>
> (i)   extraordinary and compelling reasons warrant such a reduction. . . .

18 U.S.C. § 3582(c)(1)(A)(i)(emphasis added).

In *United States v. Franco*, the Fifth Circuit examined § 3582(c) in the wake of the changes implemented to the statute by the First Step Act of 2018.[2] 973 F.3d 465 (5th Cir. 2020). In particular, the Court found that the text of the Act "outlines two routes a defendant's motion can follow to be properly before the court. Both routes begin with the defendant requesting that 'the Bureau of Prisons' 'bring a motion on the defendant's behalf.'" *Franco*, 973 F.3d at 467 (quoting § 3582(c)(1)(A)). The court concluded that while "the requirement is *not* jurisdictional, it *is* mandatory." *Id.* (emphasis in original). In short, "Congress used clear language: all requests for

---

[2] Among other things, the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to authorize courts to grant a motion for sentence reduction upon a defendant's own motion, rather than only upon motion of the Director of the Bureau of Prisons. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *Id.* at 468.

If exhaustion is satisfied, a sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). As the Fifth Circuit has stated,

> a prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). *Id.*

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022). Even so, a "district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Id.* And where a prisoner has not sufficiently identified "extraordinary and compelling reasons" justifying his release, a court may deny a motion for compassionate release without reaching the Section 3553(a) factors. *Id.* at 1093 n.8.

B. Defendant's Arguments

In his "Emergency Motion," Payton makes unsworn allegations that he has filed a motion for compassionate release with the Warden at FCI Oakdale I, but he "has not received any decision yet." [55] at 12. He argues that because the BOP has failed to file a motion on his behalf, exhaustion is "not an issue in this case." *Id.*

In its Response [56], the Government contests these statements and counters that Payton has failed to file any request for administrative relief. [56] at 5. To be sure, the Government has submitted documentation from the BOP that "no remedy data exists for this inmate." [56-1] at 1.

In his Reply [57] filed on January 23, 2025, Payton again argues, without any evidentiary

5

support, that he has exhausted his administrative remedies. [57] at 6. He also asks the Court for an opportunity to substantiate his claim of exhaustion. *Id.*

Payton shoulders the burden to show that he has exhausted his administrative remedies. "The defendant bears the burden of demonstrating that he is entitled to compassionate release and that he has exhausted his administrative remedies." *United States v. Davis*, No. 07-357, 2020 WL 2838588, at *2 (E.D. La. June 1, 2020)(collecting cases); *see also United States v. Jenkins*, No. 3:12-cr-21-DPJ-LRA, 2020 WL 3086250, at *1(S.D. Miss. June 10, 2020)(quoting *Davis*). Despite waiting two months to file his Reply [57], Payton has still failed to show that he petitioned the BOP for compassionate release and that he has exhausted his administrative remedies. Such exhaustion "is a mandatory procedural requirement prior to seeking compassionate release in this Court . . . ." *United States v. Reeves*, Crim. No. 1:20-cr-111-HSO-JCG-1, 2023 WL 8360066, at *3 (S.D. Miss. Dec. 1, 2023)(dismissing prisoner's motion for compassionate release based on his failure to exhaust administrative remedies). And although he asks the Court for an opportunity to substantiate his claim of exhaustion, that opportunity has come and gone with the filing of his delayed Reply [57]. Accordingly, the Court must dismiss without prejudice Payton's motion for compassionate release based on his failure to exhaust his administrative remedies. As such, the Court declines to address the merits of Payton's motion.

IV. CONCLUSION

Because the Court concludes that Payton has failed to demonstrate that he has exhausted his administrative remedies, the Motion [55] is hereby denied without prejudice.

SO ORDERED and ADJUDGED, this 24th day of January, 2025.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE